RECEIVED
IN ALEXANDRIA, LA

DEC - 9 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**JAMES C. HUDSON (D.O.C. #338777)**     DOCKET NO. 10-CV-1459; SEC. P

**VERSUS**                                JUDGE DEE D. DRELL

**WARDEN LYNN COOOPER, ET AL.**          MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

*Pro se* plaintiff James C. Hudson filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at the David Wade Correctional Center in Homer, Louisiana. However, he complains that his right to due process was violated with regard to a disciplinary proceeding at Avoyelles Correctional Center (AVC). He seeks monetary damages and asks that the defendants be "stripped of their rank" as officers in the LDOC. Plaintiff names as defendants Warden Lynn Cooper, Warden Benson, Colonel Villemarette, and Major Joe Jones.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Plaintiff alleges the following:

- he was a "Vo-Tech" student at AVC;
- he was scheduled to be married at AVC on August 8, 2009;
- on August 7, 2009, a search was conducted of the "Vo-

- Tech" area, and ten ounces of marijuana was discovered by the officers in the greenhouse area;

- Plaintiff was questioned and denied knowledge of the marijuana;

- despite testing negative for marijuana, Plaintiff was placed in "lockdown" and missed his wedding;

- Plaintiff was held in "lockdown" pending investigation along with three other inmates for approximately twenty-four days;

- Plaintiff was eventually charged with a disciplinary violation of Rule #1 - contraband, claiming that he received drugs from a trustee and hid them in the greenhouse;

- Plaintiff was brought before Col. Villemarette on August 31, 2009, at which time he asked for a hearing and to be able to call witnesses;

- Plaintiff went back to court for his requested hearing on September 2, 2009, and was brought before Warden Benson. He was not allowed to face the informant, and his witnesses were not allowed to attend the hearing;

- the Disciplinary Board found Plaintiff guilty of the rule violation, and Plaintiff appealed the decision to Warden Cooper, who affirmed the decision;

- Plaintiff appealed to the secretary of the DOC, who ordered that: (1) Plaintiff be charged with a violation of Rule #30E instead of Rule #1, (2) that the sanctions be vacated, and (3) that the case be remanded for a complete rehearing;

- Plaintiff's charge was amended to #30E, and another hearing was conducted;

- Plaintiff was again convicted, this time of violating Rule #30E;

- Plaintiff was sentenced to a custody change from medium to maximum and a forfeiture of 180 of good time;

- Plaintiff appealed the conviction after rehearing, but the conviction was affirmed by the DOC Secretary.

## Law and Analysis

### A. The Prison Litigation Reform Act

The Prison Litigation Reform Act (the "PLRA") provides that, upon initial screening of a prisoner civil rights complaint, a district court should scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Additionally, a reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an

indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

**B.  Heck v. Humphrey**

In this case, Plaintiff alleges that his right to due process and a fair hearing was violated, and he asks for twenty thousand dollars in compensation and for the defendant officers to be stripped of their ranks. Plaintiff lost 180 days of good time as a result of his disciplinary conviction. The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that ***the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus***. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). A

conviction for the purposes of Heck includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including loss of good-time credits. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc); see also Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings). Thus, a claim for damages bearing a relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. In this case, Plaintiff has not met the favorable termination requirement of Heck[1]; he is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000).

C. **Lockdown**

Plaintiff complains that he was confined in lockdown while the defendants conducted an investigation. In Sandin v. Conner, 515

---

[1] Plaintiff's disciplinary conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982). Moreover, before Plaintiff could pursue habeas relief in this Court, he would have to exhaust available state court remedies by the following:
  (1) challenging the conviction through the Department's administrative grievance process. La. R.S. 15:1176. (*which Plaintiff has done*)
  (2) seeking judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.
  (3) If unsuccessful at the district court level, the inmate can appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1).
  (4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

U.S. 472 (1995), the Court found that an inmate did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. <u>Sandin</u> at 485. In light of <u>Sandin</u>, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation will never be a ground for a constitutional claim. <u>Martin v. Scott</u>, 156 F.3d 578, 580 (5th Cir.1998). Plaintiff has not shown that his confinement in the special housing unit or "lockdown", was an atypical and significant hardship in relation to ordinary prison life. Thus, he had no protected liberty interest in his housing assignment.

## *Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 8th day of December, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE